UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DORIAN BAKER,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-895-JD-APR |

OPINION AND ORDER

Dorian Baker, a prisoner without a lawyer, filed a habeas petition challenging the Indiana Department of Correction's calculation of his sentence. He specifically alleges that correctional officials improperly denied his request to restore lost credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Before granting habeas relief, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts . . . . Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Id.* at 1025-26. Until exhaustion has occurred, federal habeas relief is not available. *Id.*

Under Indiana law, inmates may challenge their sentence calculations by filing a petition for post-conviction relief or a petition for a writ of habeas corpus depending on the specific nature of their claims. *Willet v. State*, 151 N.E.3d 1274, 1278 (Ind. App. 2020); *Hardley v. State*, 893 N.E.2d 740, 743 (Ind. App. 2008). According to the electronic docket for the State courts,[1] Baker has not properly presented his claim at any level of the State courts. Therefore, the court is inclined to dismiss this case without prejudice for failure to exhaust State court remedies. However, out of an abundance of caution, the court will allow Baker an opportunity to respond to this order rather than immediately dismissing this case.

Baker also has not resolved his filing fee status in this case. To proceed with this case, Baker must resolve his filing fee status by either paying the filing fee in full or by filing a motion for leave to proceed *in forma pauperis* with his prison account summary for the last six months attached.

Finally, Baker has filed a motion to expedite proceedings. ECF 2. The court denies this motion given its concerns relating to the exhaustion of State court remedies and Baker's unresolved filing fee status.

For these reasons, the court:

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

(1) ORDERS Dorian Baker to file a response to this Order and to resolve his filing fee status by September 30, 2026;

(2) CAUTIONS Dorian Baker that, if he does not respond by this deadline, this case will be dismissed for failure to exhaust State court remedies without further notice; and

(3) DENIES the motion to expedite (ECF 2).

SO ORDERED on August 19, 2026

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT